UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES T. WHITEHEAD,

                          **Plaintiff,**

                                                         **Case # 11-CV-6394-FPG**

v.

                                                         **DECISION & ORDER**

STATE OF NEW YORK,
SUPERINTENDENT RICKY BARTLETT
Willard drug Treatment Prog.,
SGT. VICENS,
CORR. OFFICER W. ROWLAND,
CORR. OFFICER D. FOX,
CORR. OFFICER F. PFOONER,
CORR. OFFICER T. TUCCLICO,
P.O. DIDIO,
CC MRS. ALLEN,
CC O'HORA,
CC ROADOBAR,
MRS. DOLLY,
SCHOOL TEACHER FOR C-2,

                          **Defendants.**

*Pro se* Plaintiff James T. Whitehead ("Plaintiff") commenced this lawsuit in the Southern District Court of New York by filing a Complaint on June 30, 2011, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights during the time he was an inmate at the Franklyn Correctional Facility. Dkt. #2. By Transfer Order of Chief United States District Judge Loretta A. Preska, the case was transferred to the Western District of New York (Dkt. #4), and the transferred case was filed herein on August 11, 2011 (Dkt. #5). At the time he filed the Complaint, Plaintiff, a prisoner in the custody of the New York State Department of Corrections and Community Services ("DOCCS"), listed his address as Franklin Correctional Facility, 62 Bare Hill Road, P.O. Box 10, Malone, NY 12953.

Thereafter, Defendants filed a motion for summary judgment and a motion to dismiss (Dkt. ##19, 36), both of which were served on Plaintiff at his listed address, Upstate Correctional Facility, P.O. Box 2001, Malone, New York 12953. Plaintiff filed responses to these motions. Dkt. ##28, 41.

On January 15, 2013, this case was ordered reassigned to Hon. Frank P. Geraci, Jr., United States District Judge, Western District of New York, for all further proceedings, and notice of such reassignment was sent by United States mail to Plaintiff at the Clinton Correctional Facility, Box 2001, Dannemora, New York 12929. Plaintiff last communicated with the Court concerning his case by letter dated May 9, 2013 and filed on May 21, 2013 (Dkt. #57), listing in this letter as his address, Clinton Correctional Facility, P.O. Box 2000, Dannemora, New York 12929. *Id.*

On November 7, 2013, Defendants filed a Notice of Motion, Memorandum of Law, Declaration and exhibits seeking to dismiss the Complaint with prejudice pursuant to L.R.Civ.P. 5.2(d), based upon allegations that Plaintiff had been released from the Clinton Correctional Facility to parole status on October 7, 2013, mail sent to Plaintiff at the correctional facility requesting an updated address and informing him of the requirements of the Local Rule was returned as undeliverable and unable to forward and Plaintiff had failed to provide the required change of address notification to the Court. Dkt. #58. On November 18, 2013, following the filing of Defendants' motion seeking dismissal of the action, the Court issued a Scheduling Order containing the following notice to Plaintiff as set forth below:

> On November 7, 2013, defendants filed a motion to dismiss the Complaint. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS

> COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF
> HE DOES NOT RESPOND TO THIS MOTION by addressing the
> arguments contained in the defendants' motion.  If plaintiff has any
> questions, he may direct them to the *Pro Se* office.  Plaintiff must
> submit any materials in opposition to defendants' motion no later
> than December 18, 2013.  Reply papers by the moving party must
> be filed no later than eight (8) business days following the filing of
> responding papers.  **If plaintiff fails to respond, the Court will
> decide the motion based on the Complaint and the motion to
> dismiss.** The Court will not hold oral argument but will decide the
> motion based on the papers submitted.

Dkt. #59.  The Scheduling Order and notice were sent to Plaintiff via the United States Postal

Service at the Clinton Correctional Facility, Box 2001, Dannemora, New York 12929.  On

December 9, 2013, the letter containing the above-referenced Scheduling Order and notice sent

to Plaintiff at his last listed address was returned to the Court with indications that it was

undeliverable and unable to forward.

A check of the New York State Department of Corrections and Community Supervision

("DOCCS") website records (http://nysdoccslookup.doccs.ny.gov), on October 7, 2013, Plaintiff

was released from custody at the Clinton Correctional Facility to parole status with the New

York State Division of Parole.  At no time since his release from the New York State Department

of Corrections and Community Services, has Plaintiff provided the Court with a new address.

The Local Rules of Civil Procedure for the Western District of New York provide as

follows:

> A party appearing *pro se* must furnish the Court with a current
> address at which papers may be served on the litigant.  The Court
> will assume that the litigant has received papers sent to the address
> he or she provides.  The Court must have a current address at all
> times.  Thus, a *pro se* litigant must inform the Court immediately,
> in writing, of any change of address.  Failure to do so may result in
> dismissal of the case, with prejudice.

L.R.Civ.P. 5.2(d).  A review of the civil docket maintained in this case indicates that Plaintiff has

failed to comply with the directive of the Local Rules of Civil Procedure to provide written

notification to the Court of any change of address. "It is well-established that *pro se* litigants are obliged to follow the applicable rules of civil procedure." *Carpio v. Luther*, No. 06-CV-857F, 2012 WL 694841, at *2 (W.D.N.Y. March 1, 2012) (citing *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.'") (quoting *Edward v. I.N.S.*, 59 F.3d 5, 8 (2d. Cir. 1995) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993))). Defendants' motion to dismiss the Complaint (Dkt. #2), with prejudice (Dkt. #58), is hereby granted.

IT IS SO ORDERED.


DATED:      Rochester, New York
            December 12, 2013


HON. FRANK P. GERACI, JR.
United States District Judge


4